a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JEREMY RACHAL #590548, <br> Plaintiff | CIVIL DOCKET NO. 5:22-CV-00641 <br> SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| TIM HOOPER ET AL, <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Plaintiff Jeremy Rachal ("Rachal").  Rachal is an inmate in the custody of the Louisiana Department of Corrections incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  He challenges his second-degree murder conviction in the First Judicial District Court, Caddo Parish.

To determine whether Rachal is entitled to relief, his Petition will be SERVED.

I.  Background

Rachal pleaded guilty to second-degree murder and was sentenced to life in prison at hard labor.  According to the state appellate court, "[h]e made his plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), known as an *Alford* plea, and *State v. Crosby*, 338 So. 2d 584 (1976), known as a *Crosby* plea." *State v. Rachal*, 53,398, p. 1 (La.App. 2 Cir. 7/22/20); 300 So.3d 483, 487.

On appeal, Rachel raised six assignments of error through both counseled and pro se filings.  *Id.*  The appellate court determined all six were without merit.  The

1

court thus affirmed the conviction and sentence. *Id.* Writs were denied by the Louisiana Supreme Court. *State v. Rachal*, 2020-01249 (La. 1/12/21); 308 So.3d 713; 2020-01198 (La. 1/12/21); 308 So.3d 715.

Rachel's conviction became final 90 days after the Louisiana Supreme Court denied writs on April 12, 2021. His Petition was filed within one year of that date.

## II. Law and Analysis

A person in custody pursuant to the judgment of a state court generally must exhaust available state habeas remedies prior to filing a § 2254 petition in federal court. The exhaustion requirement is satisfied when the substance of the federal habeas claim has been "fairly presented" to the highest state court in a procedurally proper manner according to the rules of the state courts. *Baldwin v. Reese*, 541 U.S. 27, 29-33 (2004) (holding a petitioner failed to "fairly present" a claim of ineffective assistance by his state appellate counsel merely by labeling the performance of said counsel "ineffective," without accompanying that label with either a reference to federal law or a citation to an opinion applying federal law to such a claim). To have "fairly presented" a federal claim, the petitioner must have reasonably alerted the state courts to the federal nature of his complaint. *Baldwin*, 541 U.S. at 29-33. "A fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law evidentiary argument, does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights." *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001).

Rachal alleges that his claims are properly exhausted.

Therefore, THE CLERK IS DIRECTED to prepare summons and serve a copy of the Petition (ECF No. 1) and this Order on:

- the Attorney General for the State of Louisiana and the respondent warden, via Certified Mail, and;
- the District Attorney for the First Judicial District Court, Caddo Parish, where Rachal was convicted and sentenced, via First Class Mail.

The Clerk shall serve Rachal with a copy of this Order only.

IT IS ORDERED that Respondent, through the District Attorney, file within sixty (60) days after the date of service of summons:

1. An answer to the Petition.

(a) The answer shall state whether Petitioner has exhausted state remedies, including any post-conviction remedies available to him under Louisiana law, by properly presenting to the Louisiana Supreme Court all issues raised in this petition. If Respondent claims that Petitioner has failed to exhaust his state remedies, Respondent shall state whether Petitioner has any available procedural vehicle by which he may present his claims to the state courts, and if not, Respondent shall present applicable case law as to whether this Court should reach the merits of the claims. If Respondent contends that Petitioner has procedurally defaulted on any ground presented in this petition, Respondent should raise the defense of procedural default.

Respondent shall also address whether the claims presented herein are cognizable on federal habeas review. If they are not cognizable, Respondent shall

present applicable case law as to why the claims are not properly reviewable by this Court.

Respondent must also state whether Petitioner demonstrates that any of the claims presented herein have been adjudicated in state court proceedings that resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d), as amended by § 104(d) of the AEDPA.

Respondent shall also state whether Petitioner has rebutted by clear and convincing evidence any factual determination made by a state court and which is presumed to be correct in this proceeding. *See* 28 U.S.C. § 2254(e)(1), as amended by § 104(e) of the AEDPA.

(b) In the event Respondent contends that it has been prejudiced in its ability to respond by Petitioner's delay in filing or that the petition is a second or successive petition under § 2254, Respondent shall set forth such contentions with particularity.

(c) Respondent is further ordered to specifically address whether the filing deadlines contained in 28 U.S.C. § 2244(d)(1) (as amended by Section 101 of AEDPA) are applicable to this proceeding and bar review of Petitioner's claims.

2. A memorandum of law in support of all issues raised in the answer, citing relevant authority of the United States Court of Appeals for the Fifth Circuit, and

referring to the pertinent page numbers in the state court record in support of the answer. A COPY OF THE BRIEF FILED IN STATE COURT WILL NOT BE DEEMED SUFFICIENT IN THIS PROCEEDING.

3. **A certified copy of the state court record, including transcripts of all proceedings held in the state courts.**

4. A certified copy of all documents, including all briefs or memoranda of any party, filed in connection with any appeal, application for post-conviction relief, or writ application presented to any and all state district courts, appellate courts, or the Louisiana Supreme Court.

5. Certified copies of, or citations to, all state court dispositions, including the Louisiana Supreme Court decision pertaining to the underlying conviction.

Respondent is to provide the Magistrate Judge with a paper copy of all exhibits filed using CM/ECF. The pages of the record shall be arranged in chronological sequence and securely bound together and numbered consecutively. An index describing each item submitted and showing each item's page number shall also be filed/attached.

In the event the Respondent is unable to produce any of the above documents, Respondent shall advise this Court in writing why Respondent is unable to produce them.

IT FURTHER IS ORDERED that Petitioner is allowed twenty (20) days following the filing of Respondent's memorandum in which to file any response he wishes to present to this Court.

After the record is complete and all legal delays have run, the Court will determine the necessity of an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will issue without further notice.

IT IS FURTHER ORDERED that, as a condition to their acceptance by the Clerk, all future filings by Petitioner or Respondent(s) shall include a certificate indicating that a copy thereof has been furnished to the other parties.

SIGNED on Wednesday, May 4, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE