a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JEREMY X RACHAL #590548, Plaintiff | CIVIL DOCKET NO. 5:22-CV-00641 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| TIM HOOPER ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Consolidate (ECF No. 28) filed by pro se Petitioner Jeremy Rachal ("Rachal"). Rachal filed two habeas Petitions challenging convictions obtained in the First Judicial District Court, Caddo Parish. Case Nos. 5:22-CV-631; 5:22-CV-1155.

Because Rachal's Petitions have been answered and are pending final review, his Motion to Consolidate (ECF No. 28) should be DENIED.

I. **Background**

While jailed in the Caddo Correctional Center awaiting trial on second-degree murder and aggravated arson charges in Case No. 333,082, Rachal attacked a deputy by hitting him on the head with a steel lid pried from a footlocker. *See Rachal v. Hooper*, 5:22-CV-1155, ECF No. 17-3 at 11; 18. The deputy sustained a laceration

requiring 12 staples to close. *Id.* The State filed a bill of information under Docket No. 345,348 charging Rachal with second-degree battery.[1]

Rachal pleaded guilty to aggravated battery in Case No. 345,348 in exchange for a 10-year sentence. He also entered a guilty plea to second-degree murder pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) and *State v. Crosby,* 338 So.2d 548 (1976) in Case No. 333,082 and received a life sentence. In exchange for the plea, the aggravated arson charge was dismissed, as were the charges in seven other docket numbers. ECF No. 17-3 at 48-64.

## II.  Law and Analysis

Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may consolidate actions that involve a common question of law or fact. Fed. R. Civ. P. 42. A district court has broad discretion in determining whether to consolidate matters. *See Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985). Consolidation is a tool designed to advance the interests of equity, efficiency, and judicial economy. *See Henry v. Maxum Indem. Co.*, 20-CV-2995, 2022 WL 15626272, at *3 (E.D. La. Mar. 18, 2022) (citation omitted).

Although Rachel could have challenged his convictions in one Petition under the Rules Governing Section 2254 Cases, he did not. In the Petition challenging his second-degree murder conviction, Rachel claims that his plea was involuntary and unsupported; he had irreconcilable conflict with counsel; he received ineffective

---

[1] The State provides that Rachal was charged with additional crimes while awaiting trial in Case No. 333,082, including two charges for battery of a police officer in Case Nos. 343,542 and 344,325 and attempted first-degree murder in Case No. 367,826. ECF No. 37-1 at 10, n.2.

assistance of counsel; he was deprived of a speedy trial; the record was incomplete; and the State failed to disclose exculpatory material. ECF No. 1. In the Petition challenging his aggravated battery conviction, Rachel claims that his plea was involuntary; he received ineffective assistance of counsel; and he was denied a speedy trial. 5:22-CV-1155. Some claims are exhausted, and some are not.

The State has responded to each Petition separately, and each case is receiving a final merits review. Consolidation at this time would not promote efficiency or judicial economy.

### III. Conclusion

Because consolidation would serve no useful purpose, IT IS RECOMMENDED that Rachal's Motion to Consolidate (ECF No. 28) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any

extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Thursday, February 23, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE